UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~

DESIREE YAGAN,
                         Plaintiff,
    v.                                    5:09-CV-836
                                             (DNH/GJD)
BURLINGAME, Court Security Officer,
United States District court, *et al.*,
                        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DESIREE YAGAN and JULIA C. PETRUS,

                        Plaintiffs,
    v.                                    5:09-CV-763
                                             (DNH/GJD)
MAYOR MATTHEW DRISCOLL, *et al.*,

                        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DESIREE YAGAN,
                        Plaintiff,
    v.                                    5:09-CV-776
                                             (DNH/GJD)
ONONDAGA COUNTY DISTRICT
ATTORNEY, *et al.*,
                        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~

DESIREE YAGEN
Plaintiff, *pro se*

JULIA PETRUS
Plaintiff, *pro se*

DAVID N. HURD,
United States District Judge

**<u>DECISION and ORDER</u>**

Plaintiff Desiree Yagan has filed an identical "motion" in all three of the above-captioned cases. The document begins with the language: "Notice to the Clerk of the United States District Court."[1] It appears that the document has been filed to "notify" the court that plaintiffs Yagan and Petrus[2] are challenging the constitutionality of 28 U.S.C. §§ 1915 and 2201.[3] Although the "Notice" states that it contains two pages, it appears that the second page is missing.

Attached to the "Notice" is a document that plaintiff Yagan has labeled: "Exhibit." The Exhibit is five pages long, contains the caption in *Morin v. Tormey*, 5:07-Cv-517, and states that plaintiff Yagan is requesting that the "Appellate Records in Morin v. Tormey be available in District Court." The Court notes that the "Exhibit" was filed by plaintiff Yagan in the Second Circuit appeal filed by some of the defendants in *Morin v. Tormey*, No. 09-2960.[4] Plaintiff Yagan seems to allege that her three cases somehow are related to *Morin v. Tormey*, 5:07-CV-517.

It is very unclear that this document is a "motion" at all. It was filed as such by the Clerk in an abundance of caution to protect the rights of the *pro se* plaintiffs. Because

---

[1] Dkt. No. 17 in 09-CV-763; Dkt. No. 11 in 09-CV-776; Dkt. No. 13 in 09-CV-836. The court will cite to the motion itself, rather than repeating each docket number in each case.

[2] Plaintiff Petrus is only a plaintiff in 5:09-CV-763. The Court would point out that plaintiff Yagan may not represent plaintiff Petrus in this or any other action. However, the Court will address the issues based on plaintiff Yagan's submissions on her own behalf.

[3] Although at the bottom of the first page, entitled "Notice," plaintiff Yagan has stated that it is "Page 1 of 2," there is no second page. At the bottom of the first page of the "Exhibit," which is the second page of plaintiff's submission, plaintiff has indicated that it is "Page 1 of 5." The court will either cite to the "Notice" or the pages of plaintiff's "Exhibit."

[4] This Court has checked the Second Circuit docket sheet in *Morin v. Tormey* in order to make this determination.

this court cannot tell whether plaintiffs' submission is a "motion," the court will discuss the potential issues contained therein.

Each of the three cases referenced above was dismissed in its entirety with prejudice, and they are all currently on appeal in the Second Circuit. Plaintiff has filed a notice of appeal in each case. The timely filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *SATCOM Int'l Group, PLC v. ORBCOMM Int'l Partners, L.P.*, 55 F. Supp. 2d 231, 233 (S.D.N.Y. 1999)(quoting *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996)(quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

The dismissal orders in all of the above cases were final, and this Court dismissed all of the actions with prejudice. Thus, **all aspects** of the cases are involved in the appeals, and this court would be divested of jurisdiction to handle plaintiff's "motion," if it is in fact a motion for this court to consider. An exception to the general rule is that the district court may retain jurisdiction over collateral matters or matters "in aid of the appeal." *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004)(collateral matters); *Leonhard v. United States*, 633 F.2d 599, 609-610 (2d Cir. 1980)(actions "in aid" of the appeal).

First, it is unclear that plaintiff means to challenge section 1915 in this court. A review of plaintiff Yagan's "Notice" shows that it is incomplete because it contains only one

of two pages.[5] Additionally, plaintiff has not indicated how section 1915 has been insufficient for her. It is unclear what plaintiff means, but in her Exhibit she states that she is concerned that she does not have "access to electronic filing, PACER, or LEXIS, stating that this is an "undue burden on the indigent." She then asks to have access to "appellate" documents from a case filed by an unrelated plaintiff against a defendant who is also named in that case, claiming that the case is somehow related to the cases filed by plaintiff Yagan.

Plaintiff Yagan's papers are never quite complete, and it is unclear whether these two requests are related or whether they are even requests to this Court. These requests are certainly not "in aid of" plaintiffs' appeal, and although they appear to be "collateral" to the issues that the plaintiffs may be raising on appeal, they are not the type of requests to which courts refer when discussing issues that may be considered by the district court while an appeal to the circuit is pending. *See Tancredi*, 378 F.3d at 225-26 (discussing the district court's option to decide the collateral issue of attorneys fees after a notice of appeal has been filed). Although the court would not be required to consider the merits of plaintiffs' claims, because plaintiff Yagan is complaining that she and he co-plaintiff Petrus[6] somehow have been prejudiced because they are indigent, the court will proceed to briefly consider these issues.

Plaintiff Yagan alleges that section 1915 is "insufficient" because it allows individuals only to proceed without payment of filing fees, but the *pro se* litigant must still

---

[5] The Court also notes that although plaintiff Yagan mentions that she is also challenging 28 U.S.C. § 2201, governing declaratory judgments, there is no discussion at all about this section and no indication as to why the section would discriminate against indigent parties.

[6] Ms. Petrus is a plaintiff only in 5:09-CV-763.

prepare her own case, engage in legal research, and file her papers "in person." First, plaintiff is incorrect when she appears to state that the only benefit of proceeding *in forma pauperis* (IFP) under section 1915 is the exemption from initial filing fees. While plaintiff would still have to pay witness fees and other expenses[7] notwithstanding her IFP status, proceeding IFP does authorize the United States Marshal to serve a plaintiff's complaint and authorizes the court to ask counsel to represent a plaintiff pro bono in certain circumstances. 28 U.S.C. § 1915(d) & (e)(1). Plaintiff has also been granted IFP so that she can appeal (and has appealed) the dismissal of her actions to the Second Circuit.

In her Exhibit, plaintiff Yagan complains that she is not able to access "electronic filing," PACER or LEXIS, and that this exacts an undue burden on "the indigent." First, in the Northern District of New York, electronic filing is not available to anyone who is not an attorney, regardless of income. Thus, plaintiff Yagan's lack of funds has no bearing on the issue of electronic filing. Plaintiff is also incorrect when she states that she has to file papers "in person." She may mail her papers to the Clerk's Office for filing. Regarding the access to LEXIS or other electronic databases for research, the Second Circuit has recently held that courts should be sensitive to whether *pro se* indigents have access to case law relied upon by the court in ruling on a litigant's claims. *See Lebron v. Sanders*, 553 F.3d 152, 153 (2d Cir. 2009). However, the Circuit court did not make any specific holding regarding this issue, and stated that the Judicial Council of the Second Circuit was the appropriate body to resolve the issue. *Id.* at 153 & n.6.

---

[7] *See Malik v. Lavalley*, 994 F.2d 90 (2d Cir. 1993)(federal courts are not authorized to waive or pay witness fees on behalf of an IFP plaintiff); *Doe v. United States*, 112 F.R.D. 183, 185 (S.D.N.Y. 1986) (no authority for court to pay for discovery costs for IFP party).

The Court notes that in two of the above cases, there are only two unpublished citations, and neither was the basis for the Court's dismissal. While it is true that in plaintiff's third case, *Yagan v. Burlingame*, 5:09-CV-836, the Court cited a Second Circuit case that was originally published in a volume of the Federal Reporter, Third Series, but was later corrected and published only on an electronic database. *Id.* at 6 & n.4.  If plaintiff is concerned that the lack of access to this decision will somehow prejudice her appeal, she may request a copy from the Court.

Plaintiff Yagan has now decided that her cases are similar to *Morin v. Tormey*, 5:07-CV-517, and vaguely requests that the "appellate records" in that case be made available to her.  Plaintiff discusses the alleged similarities between the two cases and appears to claim that evidence in plaintiff Yagan's cases corroborates plaintiff Morin's allegations.  It is unclear what records plaintiff seeks or what she is asking this Court to do. As stated above, the Exhibit was filed in the Second Circuit and appears to be asking relief from that court.[8]  As usual, plaintiff's submissions are completely confusing, and this Court cannot tell what plaintiffs are seeking in these recent submissions.

THEREFORE, it is

ORDERED, that

1.  Plaintiff's motions (Dkt. Nos. 17 in 09-CV-763; 11 in 09-CV-776; and 13 in 09-CV-836) are DENIED; and

---

[8] Plaintiff states that "I assert the Second Circuit Court of Appeals cannot ignore this information and has jurisdiction in special circumstances to determine necessary access for litigants."

      2.  This Order shall be filed in all three of the above captioned cases.

      IT IS SO ORDERED.

Dated:  November 25, 2009
         Utica, New York.

_____
United States District Judge